UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAITH ANDREA MORRISON,

                Plaintiff,

v.

BUFFALO BOARD OF EDUCATION,
BUFFALO PUBLIC SCHOOLS,
CITY SCHOOL DISTRICT OF THE CITY OF BUFFALO,
PAMELA BROWN,
DARREN BROWN,
MARY GUINN,
FLORENCE JOHNSON,
MARY RUTH KAPSIAK,
JOHN LICATA,
JASON M. MCCARTHY,
BARBARA SEALS NEVERGOLD,
CARL PALADINO,
JAMES M. SAMPSON, and
THERESA HARRIS-TIGG,

                Defendants.

Case # 15-CV-800-FPG

DECISION AND ORDER

## INTRODUCTION

This case involves a contract between Faith Andrea Morrison[1] ("Morrison") and the Superintendent of the City School District of the City of Buffalo, on behalf of the Board of Education of the City School District of the City of Buffalo (collectively, "Buffalo Schools"), wherein Morrison was hired to be the Chief of School Leadership for the Buffalo Schools. The contract was signed by the parties in July 2013, but in April 2014, the Buffalo Schools terminated her contract for failing to have a valid New York State Certification, as was required by the contract. Morrison sues the Buffalo Schools, arguing that her termination was in breach of the

---

[1] Plaintiff is now a Georgia resident, so she invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

parties' contract, and that she was the victim of negligent termination. Defendants have moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). ECF Nos. 13, 14, 15. Morrison has responded to the motions (ECF No. 20), and Defendants filed a reply (ECF No. 22).

For the following reasons, the Motions to Dismiss are GRANTED, and this case is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedures 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (citing *Twombly*, 550 U.S. at 560-61). To meet this plausibility standard, the factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 679.

## DISCUSSION

The key allegation of Morrison's Amended Complaint[2] as it relates to her employment, is that her termination was in breach of her contract with the Buffalo Schools Defendants. Specifically, she alleges that she signed a two year contract with the Buffalo Schools Defendants

---

[2] Morrison's Amended Complaint is a prolix 43 page document, that repeats itself multiple times, and greatly exceeds Fed. R. Civ. P. 8(a)'s requirement of being "a short and plain statement of the claim showing that the pleader is entitled to relief."

on July 7, 2013 to become their Chief of School Leadership (ECF No. 10 at 10-11, ¶34), and attaches a copy of the contract as Exhibit B to the Amended Complaint. ECF No. 10-2.

The Amended Complaint alleges that the Buffalo Schools Defendants "voted to terminate [Morrison's] employment, in effect they declared her two year written contract is null and void due to a lack of New York State Certification." ECF No. 10 at 14, ¶54.

Since this a breach of contract case, the most relevant document is, of course, the contract between the parties. In that regard, paragraph 13 of the contract, entitled "Termination of Agreement by Operation of Law" provides in pertinent part as follows:

> If the Chief of School Leadership fails to maintain any certifications or qualifications required of his (sic) position (i.e. qualifications required by the Department of Civil Service or State Education Department), then this agreement shall immediately become null and void.

A breach of contract claim under New York law requires a plaintiff to allege: (1) the existence of a valid contract; (2) adequate performance by the plaintiff; (3) breach by the defendant; and (4) damages caused by that breach. *See, e.g.*, *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).

In resolving this contract dispute, "[t]he primary objective of a court in interpreting a contract is to give effect to the intent of the parties as revealed by the language of their agreement." *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 232 F.3d 153, 157 (2d Cir. 2000) (Sotomayor, J.); *see also MHR Capital Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645 (2009) ("It is well settled that a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself."). In construing a contract, a court should "read the contract as a whole" and "avoid any interpretation that would render a contractual provision without force and effect." *Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 784 F.3d 78, 87 (2d

Cir. 2015) (citing *Westmoreland Coal Co. v. Entech, Inc.*, 100 N.Y.2d 352, 358 (2003) and *Two Guys from Harrison-N.Y., Inc. v. S.F.R. Realty Assocs.*, 63 N.Y.2d 396, 403 (1984)).

In general, the Court may determine a contract dispute as a matter of law only if the contract is unambiguous. *Compagnie*, 232 F.3d at 157. "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* at 158 (quoting *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993)) (internal quotations omitted); *see also Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002) ("A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion.") (internal quotations and alterations omitted). Simply put, "[a] contract is ambiguous when reasonable minds could differ as to its meaning." *Luitpold*, 784 F.3d at 87 (quoting *Van Wagner Advert. Corp. v. S & M Enterprises*, 67 N.Y.2d 186, 191 (1986)).

Language in a contract "is not rendered ambiguous just because one of the parties attaches a different, subjective meaning to one of its terms." *Moore v. Kopel*, 237 A.D.2d 124, 125 (1st Dep't 1997); *accord Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (quoting *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)). As the Second Circuit has stressed, "it is the rare sentence that cannot be read in more than one way if the reader is willing either to suspend the rules of common English usage or ignore the conventions of a given commercial setting. . . . Contorted semanticism must not be permitted to create an issue where none exists." *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985); *see also Hunt*, 889 F.2d at 1277 ("The court is not required to find the language ambiguous where the interpretation urged by one party would strain the contract language beyond

4

its reasonable and ordinary meaning.") (quoting *Bethlehem Steel Co. v. Turner Const. Co.*, 2 N.Y.2d 456, 459 (1957)) (internal quotations and alterations omitted).

Under New York law, the question of ambiguity must be determined "from the face of the agreement, without reference to extrinsic evidence." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (citing *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)). At the same time, courts consider the words in a contract "not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought." *Kass*, 91 N.Y.2d at 566 (quoting *William C. Atwater & Co., Inc. v. Panama R. Co.*, 246 N.Y. 519, 524 (1927)). Whether a given contract is ambiguous is a question of law for the court to decide. *Luitpold*, 784 F.3d at 88; *Kass*, 91 N.Y.2d at 566.

Applying these principles to this case, Plaintiff's breach of contract claim is foreclosed by her own admissions. In paragraph 25 of the Amended Complaint, she alleges that her "application for employment demonstrates at time of interview and hiring she truthfully declared her lack of a valid New York State Education Department Certification for the positions applied and interviewed for."

Since Morrison's employment contract requires her to "maintain any certifications or qualifications required … by the Department of Civil Service or State Education Department", she has failed to satisfy the terms of her contract. There is simply no other conclusion that can be reached about this term of the contract, which the Court finds to be clear and unambiguous. Indeed, neither party argues that the contract at issue is ambiguous.

Instead, Morrison argues that (1) she obtained an internship certificate from the State Education Department, which she alleges could be substituted by the Buffalo Schools Defendants for the required certification; and (2) that Defendants never "made any attempt to obtain a waiver

5

from New York State Certification via 8 NYCRR Section 80-2.4(a)(3)" on behalf of Morrison. ECF No. 10 at 10, ¶62 and at 13, ¶47. Put another way, Morrison argues that "any breach of contract occurred on Defendants' behalf and is solely the result of Defendants' own failure to recognize the fact [that Morrison] possessed a valid New York State school district administration level Internship Certificate and in the alternative, their failure to secure a waiver from the New York State Education Department for Plaintiff FAITH MORRISON ALEXANDER, Ed.D., via 8 NYCRR Section 80-2.4(a)(3)." ECF No. 10 at 10, ¶64.

Whether the Buffalo Schools Defendants *could* have elected to accept a substitute certification, or whether they *could* have sought a waiver from the New York State Education Department is irrelevant. The contract makes no mention of accepting such a substitute or seeking such a waiver, and absent such a provision in the contract, Morrison cannot maintain a breach of contract claim against Defendants by essentially arguing that they should have accepted some modification to the terms of the parties' contract.

The contract language is clear, and required Morrison to "maintain any certifications or qualifications required … by the Department of Civil Service or State Education Department." However, Morrison readily concedes that "she truthfully declared her lack of a valid New York State Education Department Certification for the positions applied and interviewed for." That ends the inquiry, and forecloses her breach of contract claim. If Morrison wanted her contract to provide for substitute certifications or the ability to seek waivers of a certification requirement, she could have sought inclusion of such a term in the contract. The Defendants are entitled to enforce the bargained for terms of the contract, which is what occurred here.

Indeed, the Court's role is to "give effect to the intent of the parties *as revealed by the language of their agreement*." *Compagnie*, 232 F.3d at 157 (emphasis added). "The best evidence of what parties to a written agreement intend is what they say in their writing." *Postlewaite v.*

6

*McGraw-Hill, Inc.*, 411 F.3d 63, 69 (2d Cir. 2005) (quoting *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002)).

Whether Morrison had substitute credentials, or whether there was a mechanism to obtain a waiver of requirements is beside the point. The parties' contract required a certification that Morrison did not have, and did not obtain. Further, nowhere in her Amended Complaint does she allege that she possessed the required New York State School District Administrator Certificate. Rather, she admits she did not have that certification. Her Amended Complaint therefore does not state a claim for breach of contract, and that cause of action is DISMISSED WITH PREJUDICE.

Having dismissed the breach of contract claim, Morrison' second cause of action for "Negligent Termination" also fails. Putting aside whether New York recognizes such a cause of action, *see Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 297 (1983), the facts alleged here demonstrate that Defendants simply insisted on Morrison's compliance with a provision of the parties' contract as written. As such, there is no wrongful termination, negligent or otherwise, and the second cause of action is also DISMISSED WITH PREDJUDICE.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 13, 14, 15) the Amended Complaint are GRANTED, and the Amended Complaint is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to enter judgment, and to close this case.

IT IS SO ORDERED.

Dated: September 28, 2017
       Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court