UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FAITH ANDREA MORRISON,

                             Plaintiff,

v.

BUFFALO BOARD OF EDUCATION, et al.

                             Defendant.

Case # 15-CV-800-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff commenced this action in September 2015 and was represented by Attorney Raymond P. Kot, II. ECF No. 1. On September 28, 2017, the Court granted Defendants' Motions to Dismiss. ECF No. 24. Plaintiff filed a Motion for Leave to Appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. For the reasons stated below, Plaintiff's Motion is denied without prejudice.

## LEGAL STANDARD

### I. Procedural Requirements

Rule 24 provides, in relevant part, that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). However, "[a] party who was permitted to proceed in forma pauperis in the district-court action … may proceed on appeal in forma pauperis without further authorization[.]" *Id*. at 24(a)(3). The motion to appeal *in forma pauperis* must include an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id*. at 24(a)(1)(A)-(C). "If the district court denies the motion, it must state its reasons in writing." *Id*. at 24(a)(2).

## II. *In Forma Pauperis* Determination

Plaintiff bears the burden of establishing his or her indigence. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). "[O]ne [need not] be absolutely destitute to enjoy the benefit" of the *in forma pauperis* statute. *Adkins v. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "[a]n affidavit to proceed *in forma pauperis* is sufficient if it indicates that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his dependents with the necessities of life." *Kilichowski v. Hocky*, No. 99-CV-2874 JG, 1999 WL 504285, at *1 (E.D.N.Y. July 5, 1999). "If it appears that an applicant's access to [ ] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (citing *Sears, Roebuck and Co. v. Sears*, 686 F. Supp. 385, 385 (N.D.N.Y. 1988), *aff'd* 865 F.2d 22 (2d Cir. 1988)) (internal quotations omitted) (alterations in original).

## DISCUSSION

Plaintiff did not proceed *in forma pauperis* in the district court action in this matter. She retained Attorney Raymond P. Kot, II. ECF No. 30-1 at 1-2. Therefore, Plaintiff requires authorization to proceed on appeal *in forma pauperis* and has moved for such relief, filing a Motion to Proceed *In Forma Pauperis* And Supporting Affirmation ("Motion and Affirmation"). ECF No. 30.

Along with her Motion and Affirmation, Plaintiff submitted (1) an affidavit from her attorney, Mr. Kot, ("Attorney Affidavit") (ECF No. 30-1) and (2) an affidavit from Plaintiff ("Plaintiff's Affidvait") (ECF No. 30-2). The Attorney Affidavit supports Plaintiff's Motion and Affirmation and indicates that Mr. Kot intends to file a motion with the Second Circuit for Pro

Hac Vice admission pursuant to Local Rule 46.1(d)(2) if Plaintiff is granted *in forma pauperis* status. ECF No. 30-1 at 2. Second Circuit Local Rule 46.1(d)(2) permits an attorney to seek Pro Hac Vice admission if he or she is a member in good standing of a state or District of Columbia bar and acting for a party proceeding *in forma pauperis*. Loc. R. 46.1(d)(2).

Plaintiff's Affidavit is styled as an "Affidavit in Support of Pro Hac Vice Motion" and requests that the Second Circuit grant her attorney's motion for Pro Hac Vice admission—a motion that Mr. Kot intends to file in the Second Circuit if the instant motion is granted. ECF No. 30-1 at 2, ¶ 3; ECF No. 30-2 at 1, 6. Plaintiff's Affidavit contains additional information regarding her purported indigence that is not included in her Motion and Affirmation. The only motion properly before the Court is Plaintiff's Motion and Affirmation to proceed on appeal *in forma pauperis* and the Court will thus consider Plaintiff's submissions, including Plaintiff's Affidavit, solely for the purpose of determining whether Plaintiff qualifies for *in forma pauperis* status.

Plaintiff, who is legally blind, has been employed as a full-time teacher in the Dekalb County Public School District in Dekalb County, Georgia since July 31, 2017. ECF No. 30-2 at 3, ¶¶ 8, 10. Plaintiff states that her annual salary is $51,000 (ECF No. 30-2 at 3, ¶ 8) but elsewhere states that her gross monthly wages are only $3,000 per month (ECF No. 30 at 1). Between losing her job in April 2014 and her employment by Dekalb County Public Schools in July 2017, Plaintiff was "itinerantly employed as an independent contractor in the education field." ECF No. 30-2 at 3, ¶ 6. Plaintiff's income supports her husband, who is presently unemployed, their three children, and her mother. ECF No. 30 at 2; ECF No. 30-2 at 3-4, ¶¶ 10-11. Plaintiff states that she has only $25.00 in cash, $40.00 in a checking account, and $0.00 in savings accounts (ECF No. 30 at 1-2), but that she has other savings and investments totaling $1,500 (ECF No. 30-2 at 4, ¶ 18). Plaintiff affirms that she and her husband own two properties: a primary residence in Duluth, Georgia with an estimated value of $140,000 and a condominium in Florida that "costs [Plaintiff and her

3

husband] $2,000 per month for mortgage, taxes, and insurance and home owners' association fees." ECF No. 30 at 2; ECF No. 30-2 at 4, ¶ 13. She did not provide an estimated value for the Florida condominium.

Plaintiff further affirms that her family's current indebtedness is approximately $1,000,000, which includes "all mortgages, student loans, car payments and other debt." ECF No. 30-2 at 5, ¶ 22. This debt includes $72,000 owed to a medical institution for Plaintiff's four eye surgeries. ECF No. 30-2 at 5-6, ¶¶ 20, 21. Despite Plaintiff's substantial debt, the Court finds that Plaintiff has sufficient resources to proceed without *in forma pauperis* status in light of Plaintiff's current income and property ownership. *See United Parcel Serv. of Am., Inc. v. The Net, Inc.*, 470 F. Supp. 2d 190, 194 (E.D.N.Y. 2007) (finding that the plaintiff had sufficient resources to proceed without *in forma pauperis* status based on his income and ownership of two houses, despite owing $1,000,000 in federal taxes). The Court finds that Plaintiff is not "blocked by [her] financial condition" but rather "is in the position of having to weigh the financial constraints posed" if she pursues her position against the merits of her appeal. *See Fridman*, 195 F. Supp. 2d at 537.

Moreover, Plaintiff has not satisfied the procedural requirements of Rule 24. First, Plaintiff does not state the issues that she intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). This information assists the Court in determining whether an appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Second, Plaintiff must demonstrate her inability to pay or give security for fees and costs in the detail prescribed by Form 4 of the Appendix of Forms.[1] *See* Fed. R. App. P. 24(a)(1)(A). While Plaintiff's submissions do provide a significant level of detail, they fail to provide all of the information requested on Form 4 and some of the information that is provided does not include the requisite level of detail.

---

[1] Form 4 is available on United States Court of Appeals for the Second Circuit's website. (http://www.ca2.uscourts.gov/clerk/case_filing/forms/forms_home.html).

**CONCLUSION**

For the reasons stated, Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 30) is DENIED WITHOUT PREJUDICE. Pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure, Plaintiff may file a motion to proceed *in forma pauperis* in the Court of Appeals within 30 days of this Decision and Order, which constitutes "Notice of District Court's Denial" pursuant to Rule 24(a)(4).

IT IS SO ORDERED.

Dated: November 21, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court