UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YAMILETTE WILLIAMS,

                          Plaintiff,

v.

BUFFALO BOARD OF EDUCATION, *et al.,*

                          Defendants.
_____

Case # 15-CV-255-FPG

DECISION AND ORDER

FAITH ANDREA MORRISON,

                          Plaintiff,

v.

BUFFALO BOARD OF EDUCATION, *et al.*,

                          Defendants.
_____

Case # 15-CV-800-FPG

DECISION AND ORDER

**INTRODUCTION**

In these related breach of contract actions, Plaintiffs Faith Andrea Morrison and Yamilette Williams allege that they were terminated by the Buffalo City School District on the erroneous ground that they did not maintain the proper certification for their positions.[1] Plaintiffs sue the Buffalo Board of Education, Buffalo Public Schools, the City School District of the City of Buffalo, Pamela Brown (then the Superintendent for the District), Darren Brown (then the Talent Management Director for the District), Sharon Belton-Cottman (a school board member), Mary Guinn (then the deputy Superintendent), Florence Johnson (a school board member), Mary Ruth Kapsiak (a school board member), John Licata (a school board member), Jason M. McCarthy (a school board member), Barbara Seals Nevergold (a school board member), Carl Paladino (a school board member), James M. Sampson (a school board member), and Theresa Harris-Tigg (a school

---

[1] Because Plaintiffs and Defendants in both actions are represented by the same counsel, and the issues are substantially the same, the Court addresses both matters in a single Decision & Order.

1

board member). A jury trial regarding these matters is scheduled to begin on July 28, 2025. Defendants have filed five motions *in limine*, and Plaintiffs have requested that the Court take judicial notice of an amicus brief submitted to this Court by the New York State Education Department. The Court resolves the motions below.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The moving party bears the burden of establishing that the evidence is inadmissible for any purpose and is therefore properly excluded on a motion *in limine*. *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 44 (N.D.N.Y. 2022). A court considering a motion *in limine* may reserve decision until trial, "so that the motion is placed in the appropriate factual context." *Id.* (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011)). Further, the court's ruling on a motion *in limine* is preliminary, and "subject to change" as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

### I. Defendants' Motion to Preclude Plaintiffs' Claims for Consequential Damages

Defendants move to preclude Plaintiffs' claims for consequential damages. ECF No. 163-12 at 6.[2] They argue that New York law prevents Plaintiffs from seeking consequential damages for various reasons, including that New York law prevents claims for consequential damages based on hypothetical future income. *Id.* at 8. Under New York law, when a breach of contract occurs, "a breaching party is liable for all direct and proximate damages which result from the breach." *Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.*, 487 F.3d 89, 110 (2d Cir. 2007).

---

[2] For ease of reference, and because the submissions in both actions are largely identical, the Court will cite the filings in No. 15-CV-800.

However, the damages "must be not merely speculative, possible, and imaginary, but they must be *reasonably certain* and such only as actually follow or may follow from the breach of the contract." *Id.* (emphasis in original). To recover consequential damages for "breach of contract under New York law, a plaintiff must make three showings: [i] the damages were caused by the breach; [ii] the damages are provable with reasonable certainty; and [iii] the damages were within the contemplation of the parties at the time of contract." *Atias v. Sedrish*, 133 F. App'x 759, 760 (2d Cir. 2005) (summary order). Further, "certainty" as to the amount of damages is an essential element of consequential damages. *Tractebel Energy Marketing, Inc.*, 487 F.3d at 110. Therefore, "[i]n addition to proving that the *existence* of damages is reasonably certain . . . a party claiming consequential damages must also prove the *amount* of damage with 'reasonable certainty.'" *Id.* at 111 (quoting *Kenford Co., Inc. v. Cty. of Erie*, 493 N.E.2d 234, 234 (N.Y. 1986)).

Plaintiffs argue that they are seeking consequential damages based on loss of professional reputation due to the breach of contract, which has led to Plaintiffs being unable to find work in their desired fields. ECF No. 168 at 13. Plaintiffs also argue that they can prove that their inability to find work in their desired fields has been caused by the breach and that these damages were foreseeable at the time they entered into the contract at issue. *Id.* at 16–17. While the Court is skeptical of Plaintiffs' contentions that their inability to find employment in their desired field for the past eleven years is the direct result of Defendants' alleged breach of contract and that these damages were foreseeable when the contract was entered into, it need not reach these issues because Plaintiffs have not provided sufficient evidence of the amount of damages with reasonable certainty.

Here, Plaintiffs have argued that but for Defendants' termination of their employment, they would have received the management level positions they desired, and they seek damages based

3

on the estimated salaries for these positions. *See* ECF No. 155 at 1. They have also claimed that they would have become superintendents of schools somewhere by 2018 but for their termination and seek damages based on the estimated salaries for those positions. *Id.* As explained above, to be entitled to consequential damages, a plaintiff must prove the amount of damages with reasonable certainty—that is, they must prove the amount of damages is not merely speculative, possible, or imaginary. *See Tractebel Energy Marketing, Inc.*, 487 F.3d at 110. Identifying an amount of damages based on estimated salaries for hypothetical future jobs that Plaintiffs may have obtained is insufficient to establish the amount of damages with reasonable certainty because such an estimation is speculative, at best.[3] *See Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000) (holding that projections based upon "a multitude of assumptions" that require "speculation and conjecture" and few known factors do not provide the requisite certainty as to the amount of consequential damages). Consequently, Defendants' motion to preclude consequential damages is granted.

## II. Defendants' Motion to Preclude Expert Testimony

Defendants move to preclude testimony from Dr. Peter Loehr, Dr. Ronald Reiber, and anyone from the New York State Education Department. ECF No. 163-12 at 9. As an initial matter, the Court has precluded Plaintiffs' claims for consequential damages, and therefore, Defendants' motion is granted insofar as Plaintiffs are precluded from providing expert testimony related to the calculation of consequential damages.

Additionally, as for Defendants' motion to preclude testimony from anyone from the New York State Education Department, Plaintiffs have not identified anyone from the New York State

---

[3] The Court acknowledges that Plaintiffs have identified an expert and that their calculation of consequential damages is based on his opinion and methodology. *See* ECF No. 155. However, Plaintiffs' reliance on an "expert" to identify hypothetical jobs and to estimate salaries based on those positions does not make the calculation reasonably certain because, as explained above, the basis for the estimation is speculative.

Education Department who will provide testimony at the trial. Therefore, Defendants' motion to preclude such testimony is denied without prejudice. To the extent Defendants seek to preclude other evidence from the New York State Education Department, that issue is addressed in Section III, *infra*. The Court now turns to Defendants' other arguments as to Dr. Loehr and Dr. Reiber.

### a. Defendants' First Argument

First, Defendants argue that Dr. Loehr's testimony should be precluded because the subject matter of the case is not beyond the jury's understanding and therefore, all expert testimony is inadmissible.[4] ECF No. 163-12 at 10. Plaintiffs respond that Dr. Loehr will offer testimony on topics which are beyond the knowledge of the average juror such as "how an 'internship certificate' functions, what a 'Transitional D' certificate is, or how school districts typically supervise and evaluate administrators under those credentials." ECF No. 168 at 19.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It requires for admissibility, among other things, that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Put differently, "[e]xpert testimony must be helpful to the jury in comprehending and deciding issues beyond the understanding of a layperson." *DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005). The Court agrees with Plaintiffs that the subject matter of the case includes issues that may be beyond the understanding of the average juror. Therefore, the Court rejects Defendants' argument that the subject matter of the case only pertains to issues within the average juror's understanding.

---

[4] Defendants also make this argument as to Dr. Reiber. However, it is unclear to what extent his opinion could be offered as to any issue other than the calculation of consequential damages. As the Court has already precluded any testimony as to such calculation, it will not address Plaintiffs' arguments as to admissibility of Dr. Reiber's testimony related to the calculation of such damages, which are the only arguments they offer in response to Defendants' subject matter argument. To the extent Dr. Reiber's opinion will be offered for any other reason, the Court reserves its decision on that issue until trial.

5

### b. Defendants' Second Argument

Second, Defendants argue that Dr. Loehr and Dr. Reiber are not qualified to give expert opinions in this case. ECF No. 163-12 at 12. As for Dr. Loehr, they argue that he has no past experiences that qualify him to offer the opinions Plaintiffs seek to introduce into evidence and that his experience mainly focuses on sexual abuse cases. *Id.* As for Dr. Reiber, Defendants argue that he has no qualifications in education. *Id.* Defendants also argue that Dr. Loehr should not be allowed to offer opinions about the meaning and history of the New York State Education Department's regulations and requirements, as he has demonstrated no qualifications to offer those opinions. ECF No. 163-12 at 15. Additionally, Defendants argue that the parties to this action are more qualified than Dr. Loehr to speak to their understanding and experience with the New York State Education Department regulations and requirements. *Id.*

The Court rejects this argument on the basis that it is underdeveloped and lacks specificity. Simply put, Defendants' vague assertions about the experts' qualifications are insufficient for the Court to conclude that Dr. Loehr and Dr. Reiber are inherently unqualified to offer any opinions relevant to this case. Defendants are free to raise these arguments again at trial or address them via *voir dire.* Nevertheless, they should be prepared to specifically identify and discuss legal authority in support of the specific opinion they seek to preclude. Further, they should be prepared to identify specific deficiencies in the experts' qualifications and explain why those deficiencies make them unqualified to give the challenged testimony.

### c. Defendants' Third Argument

Third, Defendants argue that Dr. Loehr offers "no standards, no requirements, no scientific knowledge or expertise, or explanation as to what he would offer." ECF No. 163-12 at 13. Specifically, Defendants argue that an expert basing his opinion solely on experience must do more

than conclusorily state that his experience led him to a particular opinion. *Id.* Here, Defendants argue that Dr. Loehr has not given any basis for his opinions other than his prior experience. *Id.* Plaintiffs respond that Dr. Loehr has provided two affidavits providing the basis of his knowledge, education, and experience for his proposed testimony. ECF No. 168 at 24.

Again, the Court rejects this argument as underdeveloped. Defendants are correct that Dr. Loehr must do more than state that his experience led him to a particular conclusion. However, Defendants fail to point to any specific instance where Dr. Loehr conclusorily states that his opinion is based on his experience and instead, rely on broad generalizations about his testimony. Again, Defendants are free to raise this argument again at trial or address it via *voir dire*, but they should be prepared to point to specific instances of Dr. Loehr not properly giving a basis for his opinions.

### d. Defendants' Fourth Argument

Finally, Defendants argue that the substance of Dr. Loehr's and Dr. Reiber's testimony renders their testimony inadmissible. Specifically, they argue that Dr. Loehr's and Dr. Reiber's testimony will (1) include opinions that Defendants breached the employment agreements, usurping the role of the jury; and (2) improperly offer testimony as to state of motivation, state of mind, or future outcomes. ECF No. 163-12 at 12, 15. Defendants also argue that to the extent Dr. Loehr's testimony is offered for the purpose of constructing a factual narrative based upon record evidence, that is inadmissible. *Id.* at 14.

Plaintiffs aver that Dr. Loehr and Dr. Reiber will not testify that Defendants breached the employment agreements or offer impermissible testimony as to state of motivation, state of mind, or future outcomes. ECF No. 168 at 23–25. Further, at this time, there is no indication that Dr. Loehr's testimony is offered solely for the purpose of constructing a factual narrative based upon

record evidence. As such, the admissibility of the testimony will depend on factors which are better addressed at trial, and the Court reserves its decision until then.

### III. Defendants' Motion to Preclude Extrinsic Evidence from the New York State Education Department

Defendants argue that Plaintiffs should be precluded from offering any "extrinsic evidence" as to the New York State Education Department's amicus brief, affidavits, or *Appeal of Coughlin*. ECF No. 163-12 at 19. First, they argue that this evidence should be excluded because these matters are not relevant to any material issue in the case. *Id.* Second, they argue that the evidence is not offered in an admissible form because it is hearsay and/or undisclosed "expert" testimony in inadmissible "lay" format. *Id.* at 23; ECF No. 169 at 10. Third, they argue that any value the evidence offered would be outweighed by the prejudice to Defendants in terms of potential juror confusion under Federal Rule of Evidence 403. ECF No. 163-12 at 23.

Plaintiffs first respond that the evidence is relevant because the contract language at issue is ambiguous. ECF No. 168 at 27. Thus, they argue that the consideration of extrinsic evidence is permissible and that the New York State Education Department's amicus brief and decision in *Appeal of Coughlin* are probative evidence of the meaning of the contract language at issue. *Id.* Second, Plaintiffs argue that the amicus brief and *Appeal of Coughlin* are in admissible form. Specifically, they argue that they (1) are not hearsay so long as they are not being used to prove the truth of the matter asserted; (2) are admissible under Federal Rule of Evidence 803(8) as public records; and (3) are admissible under Federal Rule of Evidence 803(24) given their highly probative value and trustworthiness. *Id.* at 28–29. Alternatively, they argue that Plaintiffs could elicit the substance of these materials through expert testimony. *Id.* at 29. Finally, Plaintiffs argue that any potential prejudice identified by Defendants could be remedied by a limiting jury instruction. *Id.* at 30.

Ultimately, the admissibility of evidence from the New York State Education Department is going to depend on what it is offered for and how it is offered. Plaintiffs have identified various ways in which they could offer it in an admissible form and for an admissible purpose. Further, the Court agrees with Plaintiffs that depending on what the evidence is offered for and how it is offered, any prejudice identified by Defendants could potentially be remedied by a jury instruction. As such, the Court reserves its decision until trial when it can better assess the issue.

## IV.     Defendants' Motion to Dismiss the Claims Against the Individual Defendants

Defendants argue that Plaintiffs have asserted a breach of contract claim against all named Defendants, but that Plaintiffs' employer was the school district, not the individual school board members or district employees. ECF No. 163-12 at 24. Defendants argue that Plaintiffs have failed to assert any legitimate basis for individual contractual liability as to Pamela Brown, Darren Brown, Sharon Belton-Cottman, Mary Guinn, Florence Johnson, Mary Ruth Kapsiak, John Licata, Jason M. McCarthy, Barbara Seals Nevergold, Carl Paladino, James M. Sampson, and Theresa Harris-Tigg and therefore, no breach of contract claims lies against any of these Defendants. *Id.* Plaintiffs agree to dismiss the claims against Sharon Belton-Cottman, Mary Guinn, Florence Johnson, Mary Ruth Kapsiak, John Licata, Jason M. McCarthy, Barbara Seals Nevergold, Carl Paladino, James M. Sampson, and Theresa Harris-Tigg. ECF No. 168 at 31. Consequently, those Defendants are dismissed from this case.

As for Dr. Pamela Brown and Dr. Darren Brown, Plaintiffs state that they will consent to the dismissal of the claims against them so long as the Defense stipulates and agrees to permit Plaintiffs to call Dr. Pamela Brown and Dr. Darren Brown as witnesses. ECF No. 168 at 31. Defendants responded that they "would be willing to discuss the Plaintiffs proposal should the Court feel it appropriate or necessary." ECF No. 169 at 11. Given the imminence of the trial in

9

these cases, the Court finds Plaintiffs' position reasonable. Therefore, if Defendants agree to Plaintiffs' proposal or otherwise reach an agreement regarding the dismissal of Dr. Pamela Brown and Dr. Darren Brown, the Court will dismiss Dr. Pamela Brown and Dr. Darren Brown as Defendants. Otherwise, they will remain Defendants in these actions to ensure their presence at trial.

V. **Defendants' Motion to Preclude Plaintiffs from Relitigating Previously Decided Issues**

Defendants move to preclude Plaintiffs from relitigating issues previously decided by the Court's Decisions and Orders. ECF No. 163-12 at 26. Plaintiffs respond that Defendants' motion is vague and fails to specify any issues that have been previously litigated. ECF No. 168 at 31. The Court agrees with Plaintiffs. Absent any identification of specific issues that have been previously decided, the Court cannot evaluate the merits of Defendants' motion. As such, the Court denies the motion without prejudice.

VI. **Plaintiffs' Request for the Court to Take Judicial Notice of Amicus Brief Submitted by the New York State Education Department**

Because the Court has reserved decision about the admissibility of the amicus brief submitted by the New York State Education Department, it also reserves decision on Plaintiffs' request for the Court to take judicial notice of the brief.

## CONCLUSION

For the reasons above, the parties' motions *in limine* and other requests are resolved as stated herein. The Clerk of Court is directed to terminate Sharon Belton-Cottman,[5] Mary Guinn,

---

[5] Sharon Belton-Cottman is only named as a Defendant in 15-CV-255 and thus should only be terminated as a Defendant in that action.

10

Florence Johnson, Mary Ruth Kapsiak, John Licata, Jason M. McCarthy, Barbara Seals Nevergold, Carl Paladino, James M. Sampson, and Theresa Harris-Tigg as Defendants in these actions.

    IT IS SO ORDERED.

Dated: July 22, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York